JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHINGLE SPRINGS RANCHERIA<br><br>    Plaintiff<br><br>v.<br><br>GRASSY RUN COMMUNITY SERVICES DISTRICT, a public entity, et al.<br><br>    Defendants. | Case No. CIV-96-1414-JAM-JFM<br><br>JUDGMENT |
| GRASSY RUN COMMUNITY SERVICES DISTRICT,<br><br>    Counterclaimant and<br>    Cross-Complainant,<br><br>v.<br><br>SHINGLE SPRINGS RANCHERIA, et al.,<br><br>    Counterdefendants and<br>    Cross-Defendants. | |
| GRASSY RUN HOMEOWNERS' ASSOCIATION, et al.,<br><br>    Defendants and Cross-Claimants in Intervention. | |
| SHINGLE SPRINGS RANCHERIA, SHINGLE SPRINGS BANK OF MIWOK | |

1 | INDIANS, et al.,                                    )
2 |         Counterdefendants and Cross-                )
  |         Defendants in Intervention.                 )
3 | _____ )

4  Pursuant to Stipulation and that certain Agreement for Resolution of Litigation between
5  and among the remaining parties to the above-captioned action, providing for resolution and
6  settlement of this action by entry by the Court of a Judgment as hereinafter set forth, and good
7  cause appearing therefor,

8  IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

9  1.  The Grassy Run roads are private in nature, and have not been either expressly or
10 impliedly dedicated to public use. As used herein, the term "Grassy Run roads" consists of all
11 privately owned and maintained roads located in the community of Grassy Run ("Community").
12 The Community, also known as "Grassy Run," consists of parcels of real property located within
13 El Dorado County, California, and more particularly described in the records of said County as
14 follows:

> Parcels 1, 2, 3 and 4 as shown in Book 10, Page 127, of Parcel Maps; Parcels 1, 2, 3 and 4 as shown in Book 10, Page 145 of Parcel Maps; Parcels A, B, C and D as shown in Book 11, Page 10 of Parcel Maps; Parcels 2, 3 and 4 as shown in Book 11, Page 11 of Parcel Maps; Parcels 1, 2, 3 and 4 as shown in Book 11, Page 12 of Parcel Maps; Parcels 1, 2, 3 and 4 as shown in Book 11, Page 17 of Parcel Maps; Parcels 1, 2, 3 and 4 as shown in Book 11, Page 18 of Parcel Maps; Parcels 1, 2, 3 and 4 as shown in Book 11, Page 61 of Parcel Maps;  Parcels A, B, C and D as shown in Book 12, Page 46 of Parcel Maps; Parcels A, B, C and D as shown in Book 12, Page 47 of Parcel Maps; Parcels 1, 2, 3 and 4 as shown in Book 12, Page 48 of Parcel Maps; Parcels 1, 2, 3 and 4 as shown in Book 13, Page 16 of Parcel Maps; Parcels 1, 2, 3 and 4 as shown in Book 13, Page 136 of Parcel Maps; Parcels 1, 2, 3 and 4 as shown in Book 14, Page 62 of Parcel Maps; Parcels A and B as shown in Book 17, Page 54 of Parcel Maps; Parcels B and C as shown in Book 17, Page 95 of Parcel Maps; Parcels A, B and C as shown in Book 17, Page 118 of Parcel Maps; Parcels A, B, C and D as shown in Book 18, Page 75 of Parcel Maps; Parcels 1, 2, 3 and 4 as shown in Book 20, Page 43 of Parcel Maps; Parcel B as shown in Book 24, Page 11 of Parcel Maps; Parcels 1 and 2 as shown in Book 25, Page 105 of Parcel Maps; Parcels 2, 3 and 4 as shown in Book 27, Page 140 of Parcel Maps; Parcels 1, 2, 3 and 4 as shown in Book 28, Page 31 of Parcel Maps; Parcels 1, 2, 3 and 4 as shown in Book 28, Page 136 of Parcel Maps; Parcels A, B and C as shown in Book 35, Page 1 of Parcel Maps; Parcels A and B as shown in Book 37, Page 22 of

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

Parcel Maps; the Parcel shown in Book 18, Page 59 of Record of Surveys; and Tracts 1 and 2 as shown in Book 22, Page 10 of Record of Surveys.

2. The Default Judgment entered in this action on December 4, 1998, is hereby made final as to all parties named therein. As to the said cross-defendants and cross-defendants in intervention named in that Default Judgment only:

(a) The Grassy Run roads are private roads, and no person or entity claiming any legal or equitable right, title, estate, lien or interest in or over the Grassy Run roads adverse to the right, title, estate, lien or interest of the owners of parcels of property located within the boundaries of Grassy Run has any right to travel upon those roads to obtain access to the Shingle Springs Rancheria for any purpose.

(b) The Grassy Run Homeowners' Association, and/or the Grassy Run Community Services District, have the right, power and authority to regulate the use of the Grassy Run roads.

(c) All persons claiming any legal or equitable right, title, estate, lien, or interest in or over the Grassy Run roads adverse to the right, title, estate, lien or interest of the owners of parcels of property located within the boundaries of Grassy Run, are hereby permanently restrained and enjoined from acting in any manner contrary to the rights of the District and of the Grassy Run Homeowners' Association as determined and declared by the Court pursuant to paragraph 2(a) hereinabove."

3. The Grassy Run roads are not open or available for use by any person or entity for any purpose, including but not limited to access to the real property comprising the Shingle Springs Rancheria ("Rancheria"), without either (i) the express written consent of the President of the Grassy Run Homeowners Association ("GRHA")[1] or an authorized representative of such

---

[1] As used in this Judgment, the term "GRHA" means Grassy Run Homeowners Association as it presently exists, and any successor or successors in interest thereto either in whole or in part. The term "President of GRHA" means the President of the Grassy Run Homeowners Association as it presently exists, or the President of any successor in interest thereto that includes those portions of Grassy run other than the "landlocked parcels" as defined in paragraph 4(a) below.

person, or (ii) the express or implied consent of any parcel owner and/or resident of the Grassy Run community for purposes of ingress to and/or egress from the parcel owned and/or occupied by that person. Accordingly:

 (a) All persons, including but not limited to the Shingle Springs Band of Miwok Indians (the "Tribe") and its members, and the residents of the Shingle Springs Rancheria (the "Rancheria"), are permanently restrained and enjoined from using the Grassy Run roads for any purpose whatsoever, without either (i) the express written consent of the President of GRHA or an authorized representative of such person or (ii) the express or implied consent of any parcel owner and/or resident of the Grassy Run community, for purposes of ingress to and/or egress from the parcel owned and/or occupied by that person.

 (b) Implementation and enforcement of the injunction set forth in paragraph 3(a) of this Judgment shall be, and is, stayed until a date that is seven (7) days after the date on which the California Department of Transportation ("Caltrans") has opened for public use a freeway interchange allowing transit to and from U.S. Highway 50 and the Rancheria (the "Interchange"). During the interim period between the date of this Judgment and the above-referenced date, use of the Grassy Run roads is permitted by persons who are neither parcel owners nor residents of the community of Grassy Run, or invitees of such parcel owners or residents, in accordance with the following interim rulings, orders and judgments of the Court:

  (1) The Amended Preliminary Injunction issued by the Court on April 6, 1999; and

  (2) The Default Judgment issued by the Court on December 4, 1998.

 (c) Notwithstanding the foregoing, in the event of the temporary or permanent closure, for any reason beyond the control of the Tribe, of the Interchange or the roadway(s) connecting the Interchange to Reservation Road,

("closure" meaning the inability to exit from Highway 50 to Reservation Road on the Rancheria or the inability to enter onto Highway 50 from Reservation Road on the Rancheria) , during the period of time when access is not available through the Interchange, access to and from the Rancheria over the Grassy Run roads shall be permitted as follows:

(1) Residents of the Rancheria may use those portions of the Grassy Run roads extending from the "cul-de-sac entrance" at Grassy Run Court, to Grassy Run Road, to Rolling Rock Road, to Reservation Road, to the Rancheria (the "Rancheria Corridor") for residential, non-commercial use;

(2) Non-residents of the Rancheria may use the Rancheria Corridor for access upon invitation by a Rancheria resident, for non-commercial purposes only;

(3) Non-residents of the Rancheria may use the Rancheria Corridor to enter the Rancheria for occasional non-profit educational or cultural programs or for periodic meetings of Rancheria officials for bona fide governmental purposes;

(4) Representatives of the United States government on government business, public utilities providers, courier services, providers or deliverers of goods and/or services to Rancheria residents for their personal and non-commercial use only, providers or deliverers of goods and/or services to the Tribal government for non-commercial use only, representatives of state, county or other local government entities or agencies, including but not limited to agencies providing law enforcement, emergency medical and fire protection agencies, and private companies providing services (such as emergency medical response) pursuant to contract with a federal, state or local government or agency; provided, however, that except under exigent circumstances such use shall be limited

to the hours of 8:00 a.m. through 7:00 p.m. on weekdays, and 9:00 a.m. through 5:00 p.m. on weekends; and

(5) Any use pursuant to paragraph 3(c) of Grassy Run roads not open to use by the public shall be in compliance with all Grassy Run rules and regulations of general applicability to the use of those roads by Grassy Run parcel owners and residents.

(d) In the event of the temporary or permanent closure, for any reason beyond the control of Grassy Run, of all of the Grassy Run roads providing access from Grassy Run to county or other public roads, during the period of time when such access is not available through the Grassy Run roads, access to and from Grassy Run over Rancheria roads shall be permitted as follows:

(1) Residents of Grassy Run may use those portions of the Rancheria roads extending from the boundary of the Rancheria and Grassy Run on Rancheria Road, to Honpie Road, to Red Hawk Parkway (or such other road as may be directly connected to the Interchange), to the Interchange (the "Interchange Corridor"), for residential, non-commercial use;

(2) Non-residents of Grassy Run may use the Interchange Corridor for access upon invitation by a Grassy Run resident, for non-commercial purposes only;

(3) Representatives of the United States government on government business, public utilities providers, courier services, providers or deliverers of goods and/or services to Grassy Run residents for their personal and non-commercial use only, representatives of state, county or other local government entities or agencies, including but not limited to agencies providing law enforcement, emergency medical and fire protection agencies, and private companies providing services (such as emergency medical response) pursuant to contract with a federal, state or local

government or agency, may use the Interchange Corridor; provided, however, that except under exigent circumstances such use shall be limited to the hours of 8:00 a.m. through 7:00 p.m. on weekdays, and 9:00 a.m. through 5:00 p.m. on weekends; and

 (4) Any use pursuant to paragraph 3(d) of Rancheria roads not open to use by the public shall be in compliance with all Tribal ordinances and regulations of general applicability to the use of those roads by Tribal members and residents of the Rancheria.

 (e) In the event of a temporary or permanent closure of the Interchange or the roadway(s) connecting the Interchange to Reservation Road, or of the Grassy Run roads providing access from Grassy Run to county or other public roads, and the consequent exercise of rights set forth in paragraphs 3(c) or 3(d) above, the party exercising such rights shall take reasonable actions to attempt to obtain alternate access as quickly as feasible in order to mitigate the emergency use of the other party's roads.

4. The Tribe shall have the right, in its sole and exclusive discretion, to limit access to portions of the Rancheria not generally made open to the public by the Tribe or to which access can only be obtained by use of roads constructed, repaired or maintained by the Tribe with Tribal funds rather than with funds obtained from the United States, and to erect and maintain barriers or otherwise to restrict access to such portions of the Rancheria or use of such roads.

 (a) Notwithstanding the foregoing, owners and residents of certain parcels currently within the Grassy Run Community to which access currently is accomplished only by transit through the Rancheria (the "landlocked parcels" as that term is defined in the Agreement for Resolution of Litigation pursuant to which the parties have stipulated to entry of judgment in this action), and their invitees, shall be allowed access at all times from the Interchange to the landlocked parcels over the roads within the Rancheria, for residential purposes, including service provider vehicles and delivery vehicles, for non-commercial purposes only,

7
**JUDGMENT**

so long as such access is not available by transit other than through the Rancheria.

(1) The landlocked parcels are presently more particularly described as follows:

    i. Assessor's Parcel No. 319-100-20, more particularly described as Parcel B as shown in Book 12 at Page 46 of Parcel Maps, in the Official Records of El Dorado County, State of California;

    ii. Assessor's Parcel No. 319-100-21, more particularly described as Parcel A as shown in Book 12 at Page 46 of Parcel Maps, in the Official Records of El Dorado County, State of California;

    iii. Assessor's Parcel No. 319-100-29, more particularly described as Parcel B as shown in Book 17 at Page 95 of Parcel Maps, in the Official Records of El Dorado County, State of California;

    iv. Assessor's Parcel No. 319-100-32, more particularly described as Parcel 1 as shown in Book 20 at Page 43 of Parcel Maps, in the Official Records of El Dorado County, State of California;

    v. Assessor's Parcel No. 319-100-33, more particularly described as Parcel 2 as shown in Book 20 at Page 43 of Parcel Maps, in the Official Records of El Dorado County, State of California;

    vi. Assessor's Parcel No. 319-100-34, more particularly described as Parcel 3 as shown in Book 20 at Page 43 of Parcel Maps, in the Official Records of El Dorado County, State of California;

    vii. Assessor's Parcel No. 319-100-38, more particularly described as Parcel 1 as shown in Book 25 at Page 105 of Parcel Maps, in the Official Records of El Dorado County, State of California; and

    viii. Assessor's Parcel No. 319-100-39, more particularly described as Parcel 2 as shown in Book 25 at Page 105 of Parcel Maps, in the Official Records of El Dorado County, State of California.

(b) During the period between entry of this Judgment and a date that is seven (7) days after the date on which Caltrans has opened the Interchange for public use, owners and residents of the landlocked parcels and their invitees shall be allowed access, for non-commercial purposes only, via Reservation Road within

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

the Rancheria from the boundary of the Rancheria and Grassy Run to the landlocked parcels.

   (c) Any use pursuant to paragraphs 4(a) and 4(b) of Rancheria roads not open to use by the public shall be in compliance with all Tribal ordinances and regulations of general applicability to the use of those roads by Tribal members and residents of the Rancheria.

5. Judgment is entered in favor of GHRA and against the Tribe in the sum of Fifty-Five Thousand Dollars ($55,000.00). The Tribe's obligation to pay the judgment amount to GRHA is stayed from the date of this Judgment for a period of not more than six (6) months after a casino on the Rancheria has opened to the public for business. The judgment amount shall bear interest at the rate of 7% per annum from the date of entry of this Judgment until payment is made.

6. Except for rights granted pursuant to this Judgment, all rights to travel over the Grassy Run roads previously granted to the Tribe (or to the United States of America acting on behalf of the Tribe) by Grassy Run, including without limitation any rights granted pursuant to that certain document dated June 1, 1981 and recorded at Book 1983, pages 193 and 194 of the official records of El Dorado County, and all rights to travel over all or any portion of the Rancheria previously granted to Grassy Run or to the owner of any parcel of land included in Grassy Run are hereby extinguished.

7. All remaining claims, causes of action and other matters brought before this Court in the pleadings filed by the parties in this action, whether by complaint, counterclaim, cross-claim or otherwise, are hereby dismissed with prejudice.

8. The Court retains continuing jurisdiction over this action for the purpose of interpreting, implementing and enforcing this Judgment and for the purpose of resolving any dispute that may arise under the Agreement for Resolution of Litigation pursuant to which the

//
//
//

parties have stipulated to entry of this Judgment.

DATED: August 14, 2008

                                                          /s/ John A. Mendez

                                            HON. JOHN A. MENDEZ
                                            United States District Judge